IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES LAMAR WILLIS,

                    Petitioner,

    v.

CAROLYN HOLINKA (WARDEN),

                    Respondent.

ORDER

10-cv-271-slc[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner James Lamar Willis has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. He has paid the $5 filing fee. He contends that the Bureau of Prisons has violated his rights by failing to place him in a halfway house for the full 12 months authorized by the Second Chance Act of 2007, enacted as 18 U.S.C. § 3624(c).

      Petitioner has included few facts in his petition. His only allegation is that respondent Holinka "fail[ed] to consider me for [an] additional 12 months [in a] halfway house." The petition is missing several key facts.

      First, it is not clear what petitioner means when he alleges that respondent "failed to

---

[1] I assuming jurisdiction over this case for the purpose of this order.

1

consider him" for 12 months in a halfway house. The grievances and responses to the grievances attached to the petition suggest that prison officials did consider petitioner for the full 12 months, but concluded that six months was sufficient.

As I have concluded in previous cases, 18 U.S.C. § 3624(c) does not guarantee prisoners 12 months in a halfway house, or "residential reentry center," as the bureau now calls halfway houses. Pence v. Holinka, 09-cv-489-slc, 2009 WL 3241874, *1 (W.D. Wis. Sep. 29, 2009); Carmichael v. Holinka, 09-cv-388-slc, 2009 WL 2512029, *1 (W.D. Wis. Aug. 17, 2009). Rather, the bureau is required when "practicable" to allow a prisoner to spend "a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). Neither the amount of time nor the place for that preparation is spelled out by the statute.

The only requirements in the statute are that the bureau must "ensure that placement in a community correctional facility . . . is . . . of sufficient duration to provide the greatest likelihood of successful reintegration into the community" and that decisions about placement in a halfway house must be made "on an individual basis" and take into account the factors listed in 18 U.S.C. § 3621(b). 18 U.S.C. § 3624(c)(6)(A)-(B). Because petitioner does not include any allegations about the initial decision regarding his halfway house placement and he did not attach the decision to the petition, it is impossible to

2

determine whether the bureau may have violated § 3624(c).

A second problem is that petitioner does not identify his release date or the date that he is scheduled to be transferred to a halfway house, if such a date has been established. Without these dates, it is impossible to determine whether his petition presents a live controversy. If his release date is still many years away, this case may not be ripe because any preliminary decisions about the last 12 months of his sentence could be changed. Texas v. United States, 523 U.S. 296 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (internal quotations omitted). On the other hand, this case could be moot if petitioner is on the verge of being transferred to a halfway house under the bureau's chosen date. Stanley v. Whitehead, No. RWT-09-2848, 2010 WL 2011553, *1 (D. Md. May 19, 2010) (denying petition as moot because petitioner had been transferred to residential reentry center).

Accordingly, petitioner may have until July 9, 2010 to file an amended petition that corrects these deficiencies. I am including a blank form that petitioner may use for his amended petition.

ORDER

IT IS ORDERED that

1. Petitioner James Lamar Willis may have until July 9, 2010, to file an amended petition that includes the following information:

(a) a copy of the original decision regarding petitioner's placement in a halfway house, or, if petitioner does not have a written decision, allegations explaining the decision, including the reasons prison officials gave petitioner for their decision; and

(b) allegations or documentation showing petitioner's projected release date and the date he is scheduled to be transferred to a halfway house, if petitioner knows that date.

2. If petitioner does not respond by July 9, his petition will be denied.

Entered this 25th day of June, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge