IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES LAMAR WILLIS,

                                            ORDER

                 Petitioner,

                                          10-cv-271-slc[1]

      v.

CAROL HOLINKA,

                 Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this petition for a writ of habeas corpus under 28 U.S.C. § 2241, federal prisoner James Lamar Willis contends that the Federal Bureau of Prisons is violating his rights under the Second Chance Act, 18 U.S.C. § 3624(c), by refusing to transfer him to a halfway house until the last six months of his sentence. Respondent Holinka advances two arguments in response to the petition: (1) petitioner's claim may not be brought under § 2241 and may not be converted to a claim under the Administrative Procedure Act; and (2) the bureau considered the appropriate factors in denying petitioner's request for transfer to a halfway house.

---

[1] I assuming jurisdiction over this case for the purpose of this order.

1

With respect to her first argument, respondent says that petitioner cannot challenge the decision regarding his halfway house placement under § 2241 because he is not "actually seeking release." Resp.'s Br., dkt. #7, at 5. Moreover, respondent says, the APA does not provide a basis for review either because that statute cannot be used to enforce individual decisions made pursuant to Chapter 18 of the United States Code. 18 U.S.C. § 3625.

Although I appreciate respondent's thoughtful discussion of these issues in her brief, I adhere to my conclusion in previous orders that § 2241 is the proper vehicle in cases such as this in which the petitioner is asking for immediate transfer to a halfway house. The court of appeals has held that habeas provides the proper route even in some cases in which a prisoner is not seeking complete freedom. The question is whether the prisoner is seeking "a quantum change in the level of custody." Graham v. Broglin, 922 F.2d 379, 381 (7th Cir.1991); see also Glaus v. Anderson, 408 F.3d 382, 387-88 (7th Cir. 2005) ("Graham outlines a clear distinction: a petitioner requests either a "quantum change in the level of custody," which must be addressed by habeas corpus, or "a different program or location or environment," which raises a civil rights claim).

In Hendershot v. Scibana, 04-C-291-C, 2004 WL 1354371 (W.D. Wis. June 10, 2004), I concluded that the difference between a prison and a halfway house represents a "quantum change in the level of custody" under Graham because the two forms of custody are qualitatively different. See also Eaton v. United States, 178 F.3d 902, 903 (7th

Cir.1999) ("[A] claim to be entitled to release from a more to a less restrictive form of custody is within the scope of the habeas corpus statute."); Ramsey v. Brennan, 878 F.2d 995 (7th Cir.1989) (halfway house is "a twilight zone between prison and freedom"). I am unaware of any authority that has undermined the holding in Hendershot. In Richmond v. Scibana, 387 F.3d 602, 605 (7th Cir. 2004), the court noted this question but decided it was unnecessary to resolve it.

However, Richmond is a potential jurisdictional obstacle for another reason: the court stated that "§ 2241 does not furnish the appropriate means to contest the Bureau's understanding of § 3624(c)." Id. at 606. That statement may not apply to this case because the issue in Richmond was different. The prisoner was challenging the bureau's interpretation of a previous version of § 3624(c) under which the bureau concluded that it did not have discretion to transfer prisoners to a halfway house before the last 10% of their sentence. The prisoner's position was that the bureau could *consider* him for transfer to a halfway house sooner. Because success in his case would not guarantee him a transfer, the court concluded that he was not challenging his "custody." Id. at 606. In this case, petitioner's claim is that he is entitled to transfer *now*, suggesting that the rationale of Richmond does not apply.

Although I conclude that petitioner may bring his claim under § 2241, the petition must be denied because I agree with respondent's second argument, that petitioner is not

3

entitled to a transfer because the bureau did not violate § 3624(c) when deciding to limit petitioner's time in a halfway house to the last six months before his release. Petitioner's case manager, Andrew Weber, explains in his declaration how he considered all of the required factors under § 3621(b): (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence; and (5) any pertinent policy statement issued by the Sentencing Commission. Weber Decl. ¶¶ 12-20, dkt. #8.

As I have noted in previous cases, 18 U.S.C. § 3624(c) does not guarantee prisoners a particular amount of time in a halfway house. Pence v. Holinka, 09-cv-489-slc, 2009 WL 3241874, *1 (W.D. Wis. Sep. 29, 2009); Carmichael v. Holinka, 09-cv-388-slc, 2009 WL 2512029, *1 (W.D. Wis. Aug. 17, 2009). Rather, the bureau is required when "practicable" to allow a prisoner to spend "a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). The only requirements in the statute are that the bureau must "ensure that placement in a community correctional facility . . . is . . . of sufficient duration to provide the greatest likelihood of successful reintegration into the community" and that decisions about placement in a halfway house must be made "on an individual basis" and take into account the factors listed in 18 U.S.C. § 3621(b). 18 U.S.C. § 3624(c)(6)(A)-(B). Weber's

4

declaration discusses each of the relevant factors for consideration and sets forth a reasonable basis for waiting to transfer petitioner to a halfway house until the last six months of his sentence. Because that is all petitioner is owed under § 3624(c), his petition must be denied.

ORDER

IT IS ORDERED that petitioner James Lamar Willis's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED for his failure to show that he is in custody in violation of federal law.

Entered this 19th day of October, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge